DAVID CHAMBERS and Another v. WILLIAM C. GILBERT and Another.[1]

May 7, 1897.

Nos. 10,638—(219).

**Usury—What Constitutes.**

On an issue of whether or not a certain loan was usurious, *held*, the decision is sustained by the evidence.

Appeal by plaintiffs from an order of the district court for Itasca county, Holland, J., denying a new trial. Affirmed.

*Bert Fesler*, for appellants.
*Frank F. Price*, for respondents.

CANTY, J. Plaintiffs made to defendant Gilbert a note and a mortgage securing the same. This action is brought under G. S. 1894, § 2217, to compel the delivery up of a note, and for the cancellation of it and the mortgage, on the ground that the same are usurious and void. On the trial before the court without a jury the court found for defendants. From an order denying a new trial, plaintiffs appeal.

The only question raised is that the decision of the court is not supported by the evidence. The transaction was a loan of money from Gilbert to plaintiff. The note and mortgage were given for $350, due in one year from date. It is conceded by both parties that plaintiff received only $250 or $251 out of the loan. Plaintiff testified that he is unable to read, and that when he signed the note and mortgage he supposed they were drawn for the sum of $250, and no more, and never knew until long afterwards that they were for the sum of $350. Defendants introduced evidence tending to prove that plaintiff applied for a loan of $350, and knew he was executing a note and mortgage for that sum; that $250 was paid him, as above stated; $35 was retained as interest in advance for one year at the rate of 10 per cent. per annum; and that plaintiff agreed that Gilbert should pay the balance of $65 to one Blaker, for the use and benefit of plaintiff.

The note was stamped with a rubber stamp, "Interest paid to maturity." Plaintiff claims that it was not so stamped when executed, but has since been so stamped as a device by which to account for $35

[1] Reported in 70 N. W. 1077.

of the $99 or $100 retained by Gilbert out of the loan; and that, as the note was originally drawn, it called for interest from its date. The trial court has found against plaintiff on this point, and the evidence sustains the finding.   Blaker testified that plaintiff agreed that he, Blaker, should have the $65 for helping plaintiff to "prove up" befor the United States land office on the land in question, and for helping him to procure the loan.   If it was conceded that Blaker was the agent of Gilbert in making the loan, it might with considerable force be contended that the pretended services of the former were worth but a small part of $65, and that the charge of that sum for those services was a mere device to cover up usury.   But the evidence tends to prove that Blaker was not Gilbert's agent for any purpose whatever. Again, the strongest answer to plaintiff's contention is that, according to his own evidence, it is not a case of usury, but of fraud and imposition in inducing him to sign a note and mortgage for $350, when he supposed they were drawn for only $250.   He does not claim that he agreed to pay usury, or knew it was being exacted at all.

Order affirmed.